UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BONITA DARCEL GRIER,

Plaintiff,

v.

MID-MICHIGAN CREDIT BUREAU,

Defendant.
_____/

Case No. 17-cv-13274

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#31]**

**I. INTRODUCTION**

Plaintiff Bonita Grier, proceeding *pro se*, initiated this civil action against Defendant Mid-Michigan Credit Bureau, alleging violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Fair Credit Reporting Act, 15 U.S.C. § 1861. Dkt. No. 17. Defendant has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), asserting Plaintiff's Complaint fails to allege any facts in support of her claims.

Present before the Court is Defendant's Motion for Judgment on the Pleadings. Dkt. No. 31. The Motion is fully briefed, and Court will decide the matter without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth

-1-

below, the Court will GRANT the Motion IN PART and DENY the Motion IN PART [#31].

## II. BACKGROUND

In 2014, Plaintiff was hospitalized at Providence Hospital in Southfield, Michigan. Dkt. No. 17, p. 10 (Pg. ID 75). In 2015, Defendant began contacting Plaintiff to collect on unpaid bills in connection with that medical care. *Id.* Plaintiff asserts that between 2015 and October 2017, Defendant "repeatedly and continuously contacted [her] by phone to harass her regarding the asserted debt." *Id.* Plaintiff maintains that she does not owe any debt, as Medicare and her medical insurance should have covered her expenses. *Id.* at p. 11 (Pg. ID 76). Further, that she conveyed this information to Defendant over the phone and by submitting a dispute through Defendant's online contact system. *Id.* Despite this, Plaintiff alleges that Defendant ignored her repeated requests to cease communications, and instead, continued to call her by phone to harass, annoy, and abuse her. *Id.* Plaintiff thus alleges that Defendant violated both the FDCPA and the FCRA. Defendant, in turn, has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## III. LEGAL STANDARD

"A Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan*

*Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotations and citations omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)). While all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, *Sage Int'l v. Cadillac Gage Co.*, 556 F. Supp. 381, 383 (E.D. Mich. 1982), that is not the case for a legal conclusion couched as a factual allegation, *Fritz*, 592 F.3d at 722.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "[f]airness dictates that, absent some persuasive justification, the moving party should be able to obtain the benefit of the particular rule he or she has chosen to move under." *Wilson v. Karnes*, 2007 WL 4207154, at *3 (S.D. Ohio Nov. 26, 2007). To that end, "[d]istrict courts have broad discretion to accept or reject matters outside the pleadings that are presented on Rule 12(c) motions, and will be reversed only for an abuse of that discretion." *Id.* at *2 (citing *Max Arnold & Sons, LLC v. W. L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006)).

## IV. Discussion

Defendant has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), asserting Plaintiff's Complaint fails to allege sufficient facts in support of her claims. Plaintiff opposes this Motion, and additionally, has submitted a signed declaration supplementing the allegations in her Complaint.

As an initial matter, the Court will not consider Plaintiff's declaration for purposes of the pending Motion. First, the Court has already permitted Plaintiff to amend her Complaint on one occasion. *See* Dkt. No. 20. And second, fairness dictates that Defendant should be granted the benefit of obtaining relief under the rule in which it brought the instant Motion. Accordingly, the Court will not convert Defendant's Motion to one for summary judgment under Rule 56. Instead, the Court will recognize only the allegations in Plaintiff's First Amended Complaint. *See* Dkt. No. 17.

**1. While Plaintiff Fails to Allege Sufficient Facts to State a Claim Under § 1692d(5) of the Fair Debt Collection Practices Act, she has Pled Sufficient Facts to Sustain a Claim Under § 1692e(2)(A).**

Count One of Plaintiff's Complaint alleges a violation of 15 U.S.C. § 1692d(5) and § 1692e(2)(A). Although Plaintiff fails to allege sufficient facts to state a claim under § 1692d(5), she has pled sufficient facts under § 1692e(2)(A).

"Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 937 (N.D. Ohio 2009) (internal quotations and citations omitted). In furtherance of these goals, § 1692d(5) provides that a debt collector may not engage in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). "In order to state a claim under § 1692d(5), Plaintiffs must allege that the contents of the telephone calls were harassing, abusive, or misleading, as well as the caller's intent." *Gnesin v. Am. Profit Recovery*, 2012 WL 5844686, at *3 (E.D. Mich. Nov. 19, 2012). "[C]ourts have dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor." *Id.*

Here, Plaintiff has failed to allege any facts demonstrating that Defendant's conduct amounted to harassment or abuse. Plaintiff's Complaint makes a single, conclusory allegation: "Between 2015 and approximately October 2017, Defendant MMCB repeatedly and continuously contacted Plaintiff by phone to harass her regarding the asserted debt." Dkt. No. 17, p. 10 (Pg. ID 75). Noticeably absent

from this allegation is the frequency of the calls, the contents of the conversations, or in what ways these acts constituted harassment. Rather, she merely parrots the language of the statute. This is insufficient to state a claim under § 1692d(5). *See Clemente v. IC Sys., Inc.*, 2010 WL 3855522, at *2 (E.D. Cal. Sept. 29, 2010) (holding plaintiff's failure to plead the time period during which the phone calls occurred, the dates of the alleged phone calls, or any approximation of the number of calls rendered the complaint defective as a matter of law); *Tamayo v. Am. Coradious Int'l, LLC*, 2011 WL 6887869, at *3 (D.N.J. Dec. 28, 2011) ("Without more facts regarding the nature and extent of any harassing phone calls, the pattern of such calls, or the substance of any representations made during such calls, the Court cannot find that Plaintiff's claim under § 1692d(5) was sufficiently pled.").

In contrast, Plaintiff does allege sufficient facts to state a claim under § 1692e(2)(A). Section 1692e(2)(A) instructs that a debt collector may not use any false, deceptive, or misleading representation means in connection with the collection of any debt, including "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Here, Plaintiff's Complaint sets forth several relevant facts: (1) Defendant began contacting her regarding the alleged debt in 2015; (2) She does not owe a debt because her medical insurance covered her expenses; (3) Because she does not owe a debt, any amount that Defendant claims she owes is a false representation; (4) She disputed

the alleged debt both orally and in writing; and (5) Defendant failed to provide proof or verification of the alleged debt. *See* Dkt. No. 17, pp. 11-14 (Pg. ID 76-80). While not perfectly pled -- for instance, Plaintiff did not specify the exact amount of the debt allegedly owed -- the Supreme Court has instructed that *pro se* complaints should be held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff's Complaint meets this lowered standard here. Because the Court must accept Plaintiff's factual allegations as true, and because the Complaint gives Defendant sufficient notice of the allegations, the Court will not dismiss Plaintiff's § 1692e(2)(A) claim.

## 2. Plaintiff does not Contest the Dismissal of her Claim Under the Fair Credit Reporting Act.

Count Two of Plaintiff's Complaint alleges a violation of an unspecified section of the FCRA. However, in response to Defendant's Motion, Plaintiff indicates that she does not contest the dismissal of this claim. *See* Dkt. No. 35, p. 3 n.1 (Pg. ID 147). The Court will therefore Dismiss Count Two of the Complaint.

## V. CONCLUSION

For the reasons stated herein, the Court will GRANT IN PART and DENY IN PART Defendant's Motion for Summary Judgment [#31]. Plaintiff's § 1692d(5) claim under Count One of the Complaint and Plaintiff's FCRA claim under Count Two are therefore DISMISSED.

IT IS SO ORDERED.

Dated: August 14, 2019

                                                   s/Gershwin A. Drain
                                                 HON. GERSHWIN A. DRAIN
                                                 United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 14, 2019, by electronic and/or ordinary mail.

                                                 s/Teresa McGovern
                                                 Case Manager